**Fill in this information to identify your case:**

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS

Debtor 1 ___Joshua L. Abshier___

      First Name          Middle Name          Last Name

Debtor 2 _____

(filing spouse)  First Name          Middle Name          Last Name

Case Number: ___17-10459___

☐ Check if this modification is filed prior to filing of TRCC.

☐ Check if this modification is filed after TRCC filing but still within Benchmark Fee Period

☒ Check if this modification is filed after Benchmark Fee Period.

List the sections which have been changed by this modification:

___2.2; 3.6; Part 5___

___

___

**TXEB Local Form 3015-d**

---

## MOTION TO MODIFY
## CONFIRMED CHAPTER 13 PLAN

..........................................................................................................................................................Adopted: Dec 2017

## TO THE HONORABLE JUDGE OF THIS COURT:

1. This Motion to Modify Previously-Confirmed Chapter 13 Plan (the "Modification Motion") is filed by the:

    ☒ **Debtor;**[1]        ☐ **Chapter 13 Trustee;**

    ☐ **Unsecured Claimant:**

for the purpose of modifying certain specified provisions of that Chapter 13 Plan which had previously been confirmed for the Debtor on **12/8/2017 [dkt #22]**. Except as modified herein, all provisions of the confirmed Chapter 13 Plan remain in full force and effect.

If this Motion is filed by the Debtor, each Debtor:

    ☒ certifies that an amended Schedule I and Schedule J have been filed contemporaneously with this motion;

    ☐ declares, under penalty of perjury, that the information contained in Schedule I and Schedule J, as previously filed with the Court, remains true and correct.

### 28-DAY NEGATIVE NOTICE − LBR 3015(h):

**Your rights may be affected by the plan modifications sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-EIGHT (28) DAYS FROM DATE OF SERVICE_ shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order confirming this plan modification. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

---

Debtor   Joshua L. Abshier                                          Case number   17-10459

1 The use of the singular term "Debtor" in this Modification Motion includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

2.  This Modification Motion is required *[select all applicable]*:

☐ to reconcile the Plan with allowed claims pursuant to the TRCC;

☐ to increase the amount of payments required under the Plan;

☑ to reduce the amount of payments required under the Plan;

☐ to provide for an allowed claim omitted from treatment under the Plan;

☐ to extend the time for making payments required under the Plan;

☐ to reduce the time for making payments required under the Plan;

☑ to surrender collateral pursuant to § 3.6;

☐ to cease further plan disbursements to a particular claimant;

☑ to cure a delinquency in the plan payments caused by   **Divorce caused additional expenses for the Debtor**

☐ to increase the amount of retained income tax refunds authorized under § 2.4;

**Reason:**   ;

☑ to seek approval of an additional award of attorney's fees to the Debtor's attorney;

☐ Other:

☐ to add a nonstandard provision to Part 8 of the Plan *[check box below]*;

3.  **Notice to Creditors**:  Regarding insertion of new Nonstandard Provision into Debtor's Plan:

| Nonstandard provisions as set forth in Part 8. | ☐ Included | ☑ Not Included |
|---|---|---|

4.  The specific modifications to the Debtor's Plan are as follows**:**

☑ **§ 2.2** of the Plan regarding regular plan payments [2] is **MODIFIED** in the following respects:

Beginning on the 30th day after the Petition Date [3] unless the Court orders otherwise, the Debtor will make regular payments to the Trustee in variable amounts throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "Plan Term").  The payment schedule shall consist of:

☐ **Constant Payments**: The Debtor will pay $ _____ per month for _____ months.

☑ **Variable Payments**  The Debtor will pay make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

If plan payment amounts are increasing, the Debtor certifies that, with regard to **§ 2.3** of the Plan,

Debtor  Joshua L. Abshier _____     Case number  17-10459 _____

☐  a Motion for an Amended Wage Withholding Order for the increased payment amount has been filed;

☐  an increase of the amount to be transferred to the Trustee by electronic means has been authorized.

_____

[2] Any reference to § 2.2 of the Plan herein includes any payments designated and confirmed under ¶ 2 of the 2006 version of TXEB Local Form 3015-a.

[3] The use of the term "Petition Date" in this Plan refers to the date that the Debtor filed the voluntary petition in this case.

☐  **None.**  No additional Cure Claims designated for treatment under **§ 3.2** of the Plan [4]

☑  **No Remaining Claims.**  All claims previously listed as a Cure Claim in **§ 3.2** of the Plan have been reclassified.

☐  **Revised/Additional Cure Claims. § 3.2** of the Plan regarding the treatment of Cure Claims is **MODIFIED** in the following respects; provided, however, that to the extent that any Cure Claim added hereto is composed of a post-petition mortgage arrearage, the payment of any such arrearage shall be deferred until such time as the Claimant files an amended proof of claim to quantify the amount of the post-petition arrearage and, in any event, unless the Court specifically orders otherwise, such payment shall be subordinated to the existing payment rights of junior classes under the Debtor's previously-confirmed Chapter 13 Plan:

| Claimant | Collateral/Property Description | Debtor's DPO Amount | Cure Claim Amount | Plan Interest Rate | Projected Monthly Payment by Trustee | Projected Total Cure Payment by Trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

☑  **None.**  No additional 910 Claims designated for treatment under **§ 3.3** of the Plan. [5]

☐  **No Remaining Claims.**  All claims previously listed as a 910 Claim in **§ 3.3** of the Plan have been reclassified.

☐  **Revised/Additional 910 Claims. § 3.3** of the Plan regarding the treatment of 910 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|
| | | | | | |

☑  **None.**  No additional 506 Claims designated for treatment under **§ 3.4** of the Plan [6]

☐  **No Remaining Claims.**  All claims previously listed as a 506 Claim in **§ 3.4** of the Plan have been reclassified.

☐  **Revised/Additional 506 Claims. § 3.4** of the Plan regarding the treatment of 506 Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | 506 Claim Amount | Collateral Value | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

_____

[4] Any reference to § 3.2 of the Plan herein includes any payments designated and confirmed under ¶ 6(B) or ¶ 8 of the 2006 version of TXEB Local Form 3015-a.

[5] Any reference to § 3.3 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(a) of the 2006 version of TXEB Local Form 3015-a.

[6] Any reference to § 3.4 of the Plan herein includes any payments designated and confirmed under ¶ 6(A)(ii)(b) of the 2006 version of TXEB Local Form 3015-a.

☑  **None.** No additional Direct Claims designated for treatment under **§ 3.5** of the Plan. [7]

☐  **§ 3.5** of the Plan regarding the treatment of Direct Claims is **MODIFIED** in the following respects:

| Claimant | Collateral Description | Total Claim Amount on Petition Date | Collateral Value on Petition Date | Contract Interest Rate | Monthly Payment per Contract | Party to Make Payment | Date of Final Monthly Payment |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Debtor  Joshua L. Abshier _____    Case number  17-10459 _____

☐ **None.** No additional designations for surrender of collateral under **§ 3.6** of the Plan. [8]

☑ **Additional Surrender of Collateral. § 3.6** of the Plan regarding the designation of property to be surrendered is **MODIFIED.** The Debtor surrenders to each additional claimant listed below the property that secures that creditor's claim and requests that, upon the granting of this Modification Motion, the automatic stay under § 362(a) be terminated as to the referenced collateral only and any co-debtor stay under § 1301 be terminated in all respects.  Pending the consideration of this Modification Motion, the Trustee shall immediately cease any plan distribution to the additional claimant on account of the allowed secured claim for which the surrendered collateral stands as security. The affected claimant shall have **ninety (90) days after the entry of the order granting this Modification Motion** to file an amended proof of claim regarding recovery of any deficiency balance from the Estate resulting from the disposition of the collateral.  Any such allowed general unsecured claim will thereafter be treated under § 5.2 of the confirmed plan.

| Claimant | Collateral Description | Collateral Location |
|---|---|---|
| SBA | 202 David St., Bridge City, TX 77611 | |
| Seterus | 202 David St., Bridge City, TX 77611 | |

☑ **None.** No additional DSO Claims designated for treatment under **§ 4.4** of the Plan. [9]

☐ **No Remaining Claims.**  All claims previously listed as a DSO Claim in **§ 4.4** of the Plan have been reclassified.

☐ **Revised/Additional DSO Claims. § 4.4** of the Plan regarding the treatment of DSO Claims is **MODIFIED** in the following respects:

_____

[7.] Any reference to § 3.5 of the Plan herein includes any payments designated and confirmed under ¶ 12(B) of the 2006 version of TXEB Local Form 3015-a.

[8] Any reference to § 3.6 of the Plan herein includes any designations for surrender of collateral under ¶ 6(C) of the 2006 version of TXEB Local Form 3015-a. .

[9] Any reference to § 4.4 of the Plan herein includes any payments designated and confirmed under ¶ 5(A) of the 2006 version of TXEB Local Form 3015-a.

| DSO Claimant | Projected DSO Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|

☑ **None.** No additional Tax/Other Priority Claims designated for treatment under **§ 4.6** of the Plan. [10]

☐ **No Remaining Claims.**  All claims previously listed as a Tax/Other Priority Claim in **§ 4.6** of the Plan have been reclassified.

☐ **Revised/Additional Tax/Priority Claims. § 4.6** of the Plan regarding the treatment of Tax/Other Priority Claims is **MODIFIED** in the following respects:

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|

☐ **Part 8** of the Plan is **MODIFIED** with the inclusion of the following Special Provision:x.

Debtor   Joshua L. Abshier _____   Case number   17-10459 _____

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below.  A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it.  *Any nonstandard provision set out elsewhere in this Modification Motion is void.  Even if set forth below, any nonstandard provision is void **unless the "Included" box is checked in ¶ 3 of this Modification Motion.***

_____

_____

_____

_____

_____

_____

_____

5.      **Request for Additional Attorney's Fees (Expiration of Benchmark Fee Period Only):**

LBR In light of the fact that the Benchmark Fee Period under 2016(h) expired prior to the filing of this motion, the Debtor's attorney Robert W. Barron _____ requests an additional award of $ 600.00 _____ to be paid pursuant to § 4.3 of the confirmed Plan for legal services rendered and for reimbursement of expenses incurred with regard to the preparation and filing of this Modification Motion and other documents pertaining thereto. This award would be in addition to any other fees previously awarded or paid in this case and shall be paid in a manner consistent with § 9.2 of the confirmed Plan.

WHEREFORE, the Movant, as identified in ¶ 1 herein, respectfully prays that the foregoing Modification Motion be granted, that the Debtor's Plan be modified in the manner set forth herein, that, if applicable, any request for additional attorney's fees as set forth in ¶5 be granted, and that such other and further relief be granted in this regard as may be appropriate under the circumstances.

Respectfully submitted,

Barron & Barron, LLP

/s/ Robert W. Barron
_____

Barron & Barron, LLP
24040479
P.O 1347
Nederland, Texas 77627


Phone: (409) 727-0073
Fax: (409) 724-7739

ATTORNEY FOR DEBTOR(S)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

IN RE:   **Joshua L. Abshier**                                      CASE NO   **17-10459**

                    *Debtor(s)*                                       CHAPTER   **13**

## EXHIBIT "A" - VARIABLE PLAN PAYMENTS

### PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)

| Month / Due Date | Payment | Month / Due Date | Payment | Month / Due Date | Payment |
|---|---|---|---|---|---|
| 1  09/21/2017 | $314.29 | 21  05/21/2019 | $380.00 | 41  01/21/2021 | $380.00 |
| 2  10/21/2017 | $314.29 | 22  06/21/2019 | $380.00 | 42  02/21/2021 | $380.00 |
| 3  11/21/2017 | $314.29 | 23  07/21/2019 | $380.00 | 43  03/21/2021 | $380.00 |
| 4  12/21/2017 | $314.29 | 24  08/21/2019 | $380.00 | 44  04/21/2021 | $380.00 |
| 5  01/21/2018 | $314.29 | 25  09/21/2019 | $380.00 | 45  05/21/2021 | $380.00 |
| 6  02/21/2018 | $314.29 | 26  10/21/2019 | $380.00 | 46  06/21/2021 | $380.00 |
| 7  03/21/2018 | $314.29 | 27  11/21/2019 | $380.00 | 47  07/21/2021 | $380.00 |
| 8  04/21/2018 | $314.29 | 28  12/21/2019 | $380.00 | 48  08/21/2021 | $380.00 |
| 9  05/21/2018 | $314.29 | 29  01/21/2020 | $380.00 | 49  09/21/2021 | $380.00 |
| 10  06/21/2018 | $314.29 | 30  02/21/2020 | $380.00 | 50  10/21/2021 | $380.00 |
| 11  07/21/2018 | $314.29 | 31  03/21/2020 | $380.00 | 51  11/21/2021 | $380.00 |
| 12  08/21/2018 | $314.29 | 32  04/21/2020 | $380.00 | 52  12/21/2021 | $380.00 |
| 13  09/21/2018 | $314.29 | 33  05/21/2020 | $380.00 | 53  01/21/2022 | $380.00 |
| 14  10/21/2018 | $314.29 | 34  06/21/2020 | $380.00 | 54  02/21/2022 | $380.00 |
| 15  11/21/2018 | $380.00 | 35  07/21/2020 | $380.00 | 55  03/21/2022 | $380.00 |
| 16  12/21/2018 | $380.00 | 36  08/21/2020 | $380.00 | 56  04/21/2022 | $380.00 |
| 17  01/21/2019 | $380.00 | 37  09/21/2020 | $380.00 | 57  05/21/2022 | $380.00 |
| 18  02/21/2019 | $380.00 | 38  10/21/2020 | $380.00 | 58  06/21/2022 | $380.00 |
| 19  03/21/2019 | $380.00 | 39  11/21/2020 | $380.00 | 59  07/21/2022 | $380.00 |
| 20  04/21/2019 | $380.00 | 40  12/21/2020 | $380.00 | 60  08/21/2022 | $380.00 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

IN RE:                                          §
                                                §
JOSHUA L. ABSHIER                               §          CASE NO.17-10459
xxx-xx-9233                                     §          CHAPTER 13
202 David Drive                                 §
Bridge City, TX 77611                           §
                                                §
                                                §
                                                §
                                                §
                                                §
DEBTOR                                          §

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2018, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first class mail, to the following and the attached mailing matrix. This service complies with Local Rules of Bankruptcy Procedure 9013(e).

**John Talton**                                 **Mr. Joshua L. Abshier**
110 North College Ave., 12th Floor              202 David Drive
Tyler, TX 75702                                 Bridge City, TX 77611

**FivePoint Credit Union**                      **Port Arthur Community FCU**
c/o James W. King                               c/o James W. King
6420 Wellington Place                           6420 Wellington Place
Beaumont, TX 77706                              Beaumont, TX 77706

**Orange County**
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
P.O. Box 3064
Houston, TX 77253

**Seterus, Inc.**                               /s/ Robert W. Barron
PO Box 1047                                     ROBERT W. BARRON
Hartford, CT 06143

**Yoshie Valadez**
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075

Label Matrix for local noticing
0540-1
Case 17-10459
Eastern District of Texas
Beaumont
Tue Oct 16 11:37:57 CDT 2018

Joshua L. Abshier
202 David Drive
Bridge City, TX 77611-3735

Attorney General of Texas
Child Support Division
3520 Robertson Rd., Ste. 501
Tyler, TX 75701

Robert W. Barron
Barron & Barron LLP
P.O. Box 1347
Nederland, TX 77627-1347

Barron & Barron, LLP
P.O. Box 1347
Nederland, Texas 77627-1347

FivePoint Credit Union
c/o James W. King
6420 Wellington Place
Beaumont, TX 77706-3206

FivePoint Credit Union
P.O. Box 1366
Nederland, TX 77627-1366

FivePoint Federal Credit Union
P.O. Box 1366
Nederland, TX 77627-1366

Ford Motor Credit
P.O. Box 152271
Irving, TX 75015-2271

Tara L. Grundemeier
Linebarger, Goggan, Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

James W. King
Offerman & King, L.L.P.
6420 Wellington Place
Beaumont, TX 77706-3206

Orange County
Linebarger Goggan Blair & Sampson LLP
c/o Tara L. Grundemeier
P.O. Box 3064
Houston, TX 77253-3064

Orange County
c/o Tara L. Grundemeier
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, Tx 77253-3064

Port Arthur Community FCU
3100 Central Mall Dr.
Port Arthur, TX 77642-8039

Port Arthur Community Federal Credit Union
c/o James W. King
6420 Wellington Place
Beaumont, TX 77706-3206

Quantum 3 Group, LLC
1524 Market St.
Kirkland, WA 98033-5401

Quantum3 Group LLC as agent for
Cascade Capital LLC Series A
PO Box 788
Kirkland, WA  98083-0788

SBA
10737 Gateway West, Ste. 300
El Paso, TX 79935-4910

Sandra Abshier
7201 Lake Arthur Dr. #220
Port Arthur, TX 77642-8141

Seterus
P.O. Box 1077
Hartford, CT 06143-1077

Seterus, Inc.
PO Box 1047
Hartford, CT 06143-1047

Sun Loan
3529 Twin City Hwy
Port Arthur, TX 77642-2103

John Talton.
Plaza Tower
110 N. College Ave, 12 Floor
Tyler, TX 75702-7226

U.S. Attorney General
Department of Justice
Main Justice Building
10th & Constitution Ave., NW
Washington, DC 20530-0001

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231

United States Attorney's Office
350 Magnolia Ave., Ste 150
Beaumont, TX 77701-2254

Yoshie Valadez
McCarthy & Holthus, LLP
1255 West 15th Street, Suite 1060
Plano, TX 75075-4220

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Seterus, Inc.
PO Box 1047
Hartford, CT 06143-1047

End of Label Matrix
Mailable recipients     28
Bypassed recipients      1
Total                   29